# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY and WESTLANDS WATER DISTRICT, | CASE NO.  1:13-CV-01232-LJO-GSA |
| Plaintiffs, | **TEMPORARY RESTRAINING ORDER** |
| v. | |
| SALLY JEWELL, as Secretary of the U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF RECLAMATION; MICHAEL L. CONNOR, as Commissioner, Bureau of Reclamation, U.S. Department of the Interior; and DAVID MURRILLO, as Regional Director, Mid-Pacific Region, Bureau of Reclamation, U.S. Department of the Interior, | |
| Defendants, | |
| THE HOOPA VALLEY TRIBE and THE PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, | |
| Defendant-Intervenors. | |

Before the Court for decision is Plaintiffs' motion for a temporary restraining order and preliminary injunction, seeking to enjoin Federal Defendants from making certain releases of water from Trinity Reservoir beginning on August 13, 2013. Docs. 14 & 16. The stated purpose of the planned releases is to "reduce the likelihood, and potentially reduce the severity, of any Ich epizootic event that could lead to associated fish die off in 2013" in the lower Klamath River. Doc. 25-3 at 1. Plaintiffs' motion was filed Friday, August 9, 2013. *Id*. Federal Defendants filed an opposition on Tuesday, August 12, as did Defendant-Intervenors the Hoopa Valley Tribe and the Pacific Coast Federation of Fisherman's Associations. Docs. 48, 50 & 51. Having considered all of the materials filed thus far, the Court concludes that a brief temporary restraining order to

1  maintain the status quo is warranted. This would afford an opportunity for the Court to consider a

2  reply and perform a more measured analysis of the issues.

3      In order to secure injunctive relief prior to a full adjudication on the merits, a plaintiff

4  must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

5  the absence of preliminary relief, that the balance of equities tips in his favor, and that an

6  injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S.

7  7, 20 (2008).

8      The Trinity River Record of Decision ("TRROD"), which, among other things, sets forth

9  the volume of water to be released to provide instream flows below Lewiston Dam on the Trinity

10  River in various water year types, clearly indicates that while "the schedule for releasing water on

11  a daily basis … may be adjusted … the annual flow volumes … may not be changed." Doc. 25-1

12  (TRROD) at 12. The Central Valley Project Improvement Act § 3406(b)(23) directs the Secretary

13  of the Interior to implement the TRROD. Pub. L. No. 102-575, 106 Stat. 4600. Although some

14  authorities suggest Federal Defendants nevertheless have discretion to provide additional flows

15  for fish and wildlife restoration below the confluence of the Trinity and Klamath Rivers, e.g. the

16  1955 Trinity River Division Central Valley Project Act, Pub. L. No. 84-386, 69 Stat. 719, and the

17  1984 Trinity River Basin Fish and Wildlife Management Act, Pub. L. No. 98-541, 98 Stat. 2721,

18  none of these authorities clearly overcomes the plain language of the TRROD.

19      In addition, Federal Defendants appear to concede that the National Environmental Policy

20  Act ("NEPA"), 42 U.S.C. § 4321 *et seq*., applies to the flow augmentation plan. In early August

21  2013, the Bureau of Reclamation issued an Environmental Assessment ("EA") purporting to

22  evaluate the impacts of the augmentation. Doc. 25-3. At the very least, the EA gives little

23  attention to the potential environmental impacts of reduced water supplies to water users in the

24  Sacramento San Joaquin Basin, declaring instead that it is "not possible to meaningfully evaluate

25  how a potential slightly lower Trinity River storage in 2014 may exacerbate system-wide supply

26  conditions in the future." This is at least arguably not in conformity with previous rulings in

27  related cases. *See Consol. Salmonid Cases*, 688 F. Supp. 2d 1013, 1033 (E.D. Cal. 2010).

28      On the one hand, Plaintiffs have established that these releases have the potential to

1   reduce further already low water allocations to their members. Although there is dispute over

2   whether such reductions can be reasonably anticipated to follow from the planned releases, if dry

3   conditions persist into the next water year, they are likely to impact next year's water allocations,

4   with associated economic and environmental impacts.

5          On the other hand, the releases are designed to prevent a potentially serious fish die off

6   impacting salmon populations entering the Klamath River estuary, an event that could have

7   severe impacts on both commercial and tribal fishing interests. However, nothing in the record

8   indicates that delaying the additional flows by several days to permit a more measured analysis of

9   the issues would render ineffective the overall flow augmentation efforts.

10          Accordingly, SALLY JEWELL, as Secretary of the U.S. Department of the Interior; U.S.

11   DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF RECLAMATION; MICHAEL L.

12   CONNOR, as Commissioner, Bureau of Reclamation, U.S. Department of the Interior; and

13   DAVID MURRILLO, as Regional Director, Mid-Pacific Region, Bureau of Reclamation, U.S.

14   Department of the Interior are RESTRAINED AND ENJOINED from making releases from

15   Lewiston Dam to the Trinity River in excess of 450 cubic feet per second ("cfs")[1] for fishery

16   purposes through and including August 16, 2013.

17          Plaintiffs may file any reply papers on or before 10:00 a.m. on Thursday, August 15,

18   2013.

19          The above Temporary Restraining Order is effective upon Plaintiffs' filing a $5,000 bond,

20   a deposit in the Registry of the Court of $5,000 in lieu of bond, or, due to the time sensitivity of

21   this order, the filing by Plaintiffs' counsel of a declaration obligating himself/herself personally

22   for this amount.

23          This Order is issued on the 13th of August at 2:00 p.m.

24          **SO ORDERED**

25                              **/s/ Lawrence J. O'Neill**
                              **United States District Judge**

26

27   _____

28   [1]Pursuant to the TRROD, releases from Lewiston Dam would remain at 450 cfs during the late summer, absent any augmentation. Doc. 25-3 at 5.