**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY and WESTLANDS WATER DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>SALLY JEWELL, as Secretary of the U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF RECLAMATION; MICHAEL L. CONNOR, as Commissioner, Bureau of Reclamation, U.S. Department of the Interior; and DAVID MURRILLO, as Regional Director, Mid-Pacific Region, Bureau of Reclamation, U.S. Department of the Interior,<br><br>Defendants,<br><br>THE HOOPA VALLEY TRIBE; THE YUROK TRIBE; PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; and INSTITUTE FOR FISHERIES RESOURCES,<br><br>Defendant-Intervenors. | CASE NO.  1:13-CV-01232-LJO-GSA<br><br>REQUEST FOR SUPPLEMENTAL BRIEFING |

This case concerns the Bureau of Reclamation's decision to make certain "flow augmentation" releases of water beginning on August 13, 2013 from Trinity Reservoir, a part of the Trinity River Division ("TRD") of the Central Valley Project ("CVP"). The stated purpose of the releases was to "reduce the likelihood, and potentially reduce the severity, of any Ich epizootic event that could lead to associated fish die off in 2013" in the lower Klamath River. AR 00016-17. The Court is working diligently to resolve the pending cross motions for summary judgment, which, in more than 225 pages of briefing, present numerous complex issues deserving of careful consideration.

Among the many claims raised by the complaint is an allegation that Federal Defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.*, by failing to prepare an

Environmental Impact Statement ("EIS"), in advance of making the 2013 flow augmentation releases. Defendant Intervenors, the Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources, citing *County of Trinity v. Andrus*, 438 F. Supp. 1368 (E.D. Cal. 1977), and other authorities, raise the threshold argument that NEPA's EIS requirement does not apply to the flow augmentation releases because those releases fall "within the originally authorized limits of an ongoing project which was constructed prior to the effective date of NEPA, January 1, 1970." *Id*. at 1388. Plaintiffs do not respond to this argument in any substantial way, nor does the record indicate Federal Defendants' position on the issue. The Court believes the issue merits further briefing. Accordingly, the parties are directed to file supplemental briefs, no longer than 8 pages in length, addressing the following questions and any others the parties deem relevant <u>to this issue only</u>:

    (1) What record evidence establishes that the augmentation releases fall within the range of historic operations of the TRD?

    (2) In light of any such evidence, how should the Court apply *County of Trinity* and/or any other related authorities, including *Upper Snake River chapter of Trout Unlimited v. Hodel*, 921 F.2d 232 (9th Cir. 1990)?

    (3) What is the import of Federal Defendants' failure to assert this "defense" anywhere in the record, including in the NEPA document itself?

Among other things, the Court is specifically requesting Federal Defendants' position on these issues. If Federal Defendants affirmatively wish to take no position on the issue, they may so indicate in their filing.

    Supplemental briefs shall be simultaneously filed on or before August 28, 2014.

IT IS SO ORDERED.

    Dated:   **August 12, 2014**             **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES DISTRICT JUDGE