# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

SAN LUIS & DELTA-MENDOTA WATER AUTHORITY and WESTLANDS WATER DISTRICT,

                    Plaintiffs,

      v.

SALLY JEWELL, *et al.*,

                    Defendants,

THE HOOPA VALLEY TRIBE; THE YUROK TRIBE; PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; and INSTITUTE FOR FISHERIES RESOURCES,

                 Defendant-Intervenors.

CASE NO.  1:13-CV-01232-LJO-GSA

**FINAL JUDGMENT**

This action came before the Court on Cross Motions for Summary Judgment and the Hon. Lawrence J. O'Neill, District Judge Presiding, found it appropriate to rule on the Cross Motions without oral argument. The legal arguments and administrative record presented having been fully considered, for the reasons explained in the Court's October 1, 2014 "Memorandum Decision and Order Re Cross Motions for Summary Judgment (Docs. 112 & 120)" (Doc. 181),

IT IS ORDERED AND ADJUDGED:

(A) Judgment is entered in favor of Plaintiffs and against the Federal Defendants and Defendant-Intervenors, on the issue of whether the 1955 Trinity River Division Central Valley Project Act ("1955 Act"), Pub. L. No. 84-386, 69 Stat. 719, authorized the Federal Defendants to implement the 2013 Flow

Augmentation Releases ("FARs") from the Trinity River Division of the Central Valley Project to benefit fish in the lower Klamath River. The Court declares that the provision of section 2 of the 1955 Act cited by Defendants is limited in scope to the Trinity River basin, and so does not provide authorization for Federal Defendants to implement the 2013 FARs to benefit fish in the lower Klamath River;

(B) Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Plaintiffs, on Plaintiffs' claim that the Federal Defendants violated of CVPIA § 3406(b)(23) in implementing the 2013 FARs. The Court declares that the scope of CVPIA § 3406(b)(23), which incorporates the goals of the 1984 Act, is limited to the Trinity River basin; the flow measures set forth in the associated TRROD are lawfully limited in scope to the Trinity River mainstem; and neither CVPIA § 3406(b)(23) nor the TRROD preclude Reclamation from implementing the 2013 FARs, which were designed to improve fisheries conditions on the lower Klamath River;

(C) Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Plaintiffs, on Plaintiffs' claim that the Federal Defendants violated the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.*;

(D) Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Plaintiffs, on Plaintiffs' claim that the Federal Defendants violated the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq.;

(E) Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Plaintiffs, on Plaintiffs' claim that Federal Defendants violated section 3411(a) of the Central Valley Project Improvement Act ("CVPIA");

(F) Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Plaintiffs, on Plaintiffs' claim that Federal Defendants violated 43 U.S.C. § 383 and California water law;

(G) Because the actions challenged in this lawsuit have been completed, remand is not appropriate in this case; and

2

(H) Plaintiffs and Federal Defendants shall meet and confer regarding any request by any

Plaintiff(s) for recovery of attorneys' fees and/or costs. Any motion for recovery of attorneys' fees

and/or costs shall be filed in the time period or periods specified by the applicable statute.


IT IS SO ORDERED.

   Dated:   __October 24, 2014__                 ___/s/ Lawrence J. O'Neill___
                                                 UNITED STATES DISTRICT JUDGE